Sewer Authority. Mr. Branch for the appellant, Ms. Davis for the accolade. Good morning. May it please the court, I'm David Branch. I represent the appellant Larry Haynes. A Rule 56 F motion requesting additional discovery should be granted almost as a matter of course unless the moving party has not diligently pursued discovery of the evidence. This is the holding or at least one of the holdings in the case of Convertino v. Department of Justice. Next, an employer, if an employer offers a legitimate non-discriminatory reason, then the plaintiff must be afforded a fair opportunity to show that the employer's stated reason was in fact pretext for unlawful discrimination. But Mr. Branch, the Convertino case provides a road map for the type of affidavit that's to be filed, correct? Your Honor, it is, I don't want to say it's a road map, but it does provide guidelines. And it says there are three, the affidavit must accomplish three things, right? It must, first of all, outline particular facts he intends to discover and why those are needed. Where in your affidavit does it outline the particular facts that Mr. Haynes needs to discover and why he needs those? I didn't see that. Your Honor, what we stated in our affidavit is Mr. Haynes needed to discover the information on how this reorganization was conducted. He requested electronic messages between the people who were involved in the decision-making process. So that should cover that particular request. Well, the affidavit describes categories of information, but it doesn't identify particular facts he intended to discover and why those are needed. You contrast it to the affidavit that was used in the Convertino case, and there's a vast difference between the two. Your Honor, we believe... So that's my concern, is that the affidavit here is just, it's not sufficient. It just says, again, identifies categories of information that could possibly be relevant, but it doesn't have the level of specificity required by Convertino. Your Honor, we believe that Convertino, basically the first step in the process is you're entitled to discovery if it's obvious, if the discovery is needed to respond to legitimate nondiscriminatory reasons. And this Court in Convertino, as well as the Chappelle-Johnson case, stated that there may be direct evidence, and you don't even need to get to the McDonnell-Douglas framework. The Court has cautioned discovery rarely should be denied unless there's some reason for a delay. No, I'm with you on that. I think you start with the idea that you're going to get discovery, but then, again, Convertino gives us a roadmap for what the affidavit looks like. And, again, that's my concern, is that the affidavit just doesn't cut it here. Your Honor, the holding in Convertino, as, of course, Judge Henderson wrote the opinion, the holding in Convertino, well, let me just say that the district court cited the language in Convertino, but the district court did not follow the holding in Convertino. And that holding was that discovery should be provided if requested, if there's a reasonable basis for it. And I agree that you're assuming that a reasonable basis was established. Your Honor, we believe based on the facts in Chappelle-Johnson as well as Convertino, Mr. Haynes easily establishes the facts to support it. His claim is that my position was selected. I worked here 27 years. My position was selected to add these additional licensing requirements, and I was given six months to obtain the licensing requirements. In Chappelle-Johnson, I believe the facts are similar. She essentially alleges that she was at a grade, I think, 11. She was downgraded to a 9. The agency created a grade 13, and she alleged that Caucasians. Was that a case where every apparent comparator who was not African American was treated better? In Chappelle-Johnson? Your Honor, my reading of Chappelle-Johnson was that the agency had a practice. She at least alleged that the agency had a practice that when Caucasian employees did not meet the requirements for the position, that the agency would lower the grade of the position so that Caucasian employees would qualify. Mr. Haynes makes the same type of argument, same type of allegation. The agency has a practice of permitting Caucasian employees a longer period of time to get whatever necessary licenses are required. If there was a reorganization, and here he said these employees, his position would normally, his license would normally require about four years to obtain. He was given six months. Caucasian employees were given 18 months to two years to get the license to remain in their position. If I can go back to the district court opinion. Page 25, Judge Colbert-Petoli writes, missing from his declaration is an outline of the particular facts he intends to discover and why these yet-to-be-discovered facts are necessary. That's exactly my point. Can you tell me in what way was the district court abused her discretion in ruling that missing from the declaration was an outline of the particular facts and why these are necessary? Your Honor, what we said is tell us exactly how you arrived at this conclusion. That's what our discovery request, that's what our affidavit elicited with the information we provided in the affidavit. Reconstruct or tell us. All it says is you need the following information. I'm counsel of record, and I need this information to respond to the motion for summary judgment. No, that's not all we say. Then you identify 11 categories of information, but I don't see where you provide an outline of the facts you intend to discover and why they are necessary for your case. Your Honor, so once again, I think the first step is if the discovery is self-evident, and this is the court's court noted this in the Ocasio case, then no direct evidence. Was that before or after Convertino? I don't get the exact. I mean, it seems to me Convertino tells us what we're supposed to do, and it's almost a check the box sort of thing. You need to have an affidavit that shows the facts that you need to discover, just like was done in the Convertino case, and why you need them. Your Honor, I don't think that's the holding. Of course, Judge Henderson wrote the opinion, so of course I would have to defer to the court what was actually meant by Convertino, but I don't think that the court intended to have a strict adherence to you have to do X, Y, and Z, and this has to be included in the declaration. The facts differ from case to case. The courts have made that clear, and if you're saying start the process by telling me exactly what happened here with how Mr. Haynes was selected to be terminated and required to. No, I'm just looking for an outline of the facts you intend to discover and why these are necessary for your case. Your Honor, we believe that we've included that in the affidavit, and that information, had we been permitted to conduct discovery on that information, it would have told us. We would have learned, for example, if someone sent an email saying, you know, we want to get rid of the older African-American employees or employees who can't, you know, have difficulty reading or as Mr. Haynes. So we believe that we satisfy the requirements of Convertino, and particularly the holding of Chappelle Johnson as well as Convertino with the affidavit that was submitted to the court, and we believe that, you know, if there was direct evidence in the record, we didn't even have to go through the McDonnell Douglas analysis to reach this conclusion. Your Honor, I'd like to reserve at least a minute here for rebuttal. Thank you. Good morning. May I proceed? I would like to just address a couple of the questions that Judge Griffith posed to Mr. Branch regarding the content of the declaration that was submitted in support of the request for a Rule 56D discovery. First, Convertino does provide, as Judge Griffith stated, a roadmap as to what must be contained in the declaration. It states you have to set out the particulars of the facts that you want to discover, advise as to your prior efforts before filing the motion to gather this information, and also provide information as to whether it is, in fact, discoverable. In this particular case, and under Convertino, you do, as Mr. Branch say, have to look at it on a case-by-case basis. And in this particular case, Mr. Branch submitted a declaration in support of a 56D relating to his claim, to Mr. Haynes' claim under Section 1981 for race discrimination. That is a starting point for determining whether or not any additional discovery is necessary. In this particular case, we, D.C. Water, presented our legitimate business reason for why Mr. Haynes was terminated. He was terminated because there was a job elimination of his original position of an electrical equipment repairer. It was replaced by a journeyman electrician position. When you couple the complaint with the 56D affidavit, is there any serious doubt, though, what Mr. Branch was looking after? Aren't we perhaps elevating form over substance with your reading of Convertino? I don't believe so because D.C. Water in this particular case, unlike in Chapel Johnson, which the appellant relies on, went beyond just proffering a legitimate business reason. They also provided additional evidence, including over 120 pages of documentation that showed not only how the reorganization was implemented, but also its effect. There was evidence in the record that showed originally there were seven electrical equipment repairers. I'm just focusing on the affidavit. That's what interests me, is whether this affidavit is sufficient. Because it is an extraordinary thing to cut off discovery, right? It is extraordinary, but there's a reason why we have Convertino in that standard. It's because not every case that's filed warrants spending time going through discovery because there may be sufficient evidence readily available to both parties so that a motion for summary judgment can be granted early on in the case. And in this particular situation, D.C. Water proffered evidence that went to their legitimate business reason and also as to whether or not, in fact, it disqualified African Americans from working in the new journeyman electrician position. We started off with seven incumbents. The new licensing requirement was imposed. Immediately, two African Americans qualified to continue in the position. The other five individuals were provided training by D.C. Water. This is all in the record. At the completion of the initial period of training, one African American and one Caucasian employee qualified. That left three African Americans who did not qualify and were both given additional time. That's almost a merits inquiry. It's like taking a peek at the merits and saying, you know, it doesn't look so far like he's got a very good case there, whereas Convertino is asking something more limited, isn't it? Well, I believe that it provides an outline for the declaration if plaintiff believes that they need additional discovery in the case. And it also provides an outline or informs the court as to whether or not It seems to me you're saying he didn't need additional discovery because he really doesn't have a case because the case that the district brought forward is so compelling. But that's not the inquiry, is it? The inquiry is whether he can show that there's information he needs to support his case that he hasn't yet had access to. My position is not that there's no need for discovery, but he does have to make an effort before filing the Rule 56D to gather information to prove that the proffered legitimate business reason is pretext. And in this particular case, what was in the record was the fact that African Americans were not excluded from this position. It was then the burden was on appellant to outline in the 56D declaration the specific categories of areas he needed to explore in order to prove that it was pretextual. In .6, he asks for all documents and electronic communications reflecting context with the division regarding electrician's duties. That's broader than just his department, right? I'm not quite sure what appellant intended by that category. My interpretation would be these were the only electricians impacted by this reorganization, so it would be just limited to the department. There were not electricians in other departments at the Water Authority? There may have been, but the electricians that were impacted by the reorganization were just in this department. Well, that's what he wants to know. That's what he wants to know. Was this broader than just his department, right? We in the record demonstrated that this particular reorganization impacted a particular group of employees. There's no evidence that electricians were. He wants to find out if it impacted more, right? That's his point. His point is that you're looking too narrowly, that the intentional discrimination was potentially broader than just his particular group of workers. Isn't that his theory? Why shouldn't he be allowed to take discovery to see if that's the case? Mr. Haynes, who worked for D.C. Water for 27 years, was in the position to provide information to his counsel as to whether or not there were electricians outside of his department who likewise were required to have this new licensure, and therefore that would have been specified in the declaration as an area they would want to explore. So you're saying he would have enough information to know who the victims of her discrimination were? He would have enough information to know whether or not there were other electricians at D.C. Water. And then the next question would be what efforts were made to identify who those electricians were and why was Appellant unable to gather that information? Is there anything in the record on the extent to which the the group that he wants to bring in as comparators, the utility system operators, the extent to which any or all of them do the job of an electrician? There was evidence in the record. We submitted a declaration from a manager who was responsible for the reorganization which stated that the utility systems operators was a different position from the equipment. Well, we know that. I mean, I'm looking at the essential functions list on page 181, and it does not seem to mention the work of an electrician. On the other hand, it's conceivable that within that description, which is in some ways general, there could be electrical work. For the utility systems operator? Yes. The evidence in the record is the testimony from a supervisor who is responsible for the utility systems operator that states that they were not electricians. They did not provide or perform those types of responsibilities. And there also is in the record the memorandum of understanding, a memorandum of agreement between the union and DC Water regarding the reorganization and the need for recertifications for certain positions, and it clearly differentiates between the utility systems operators and the electrical equipment repairers. Thank you. Unless the panel would like to hear an argument on the other issues they're up for appeal, I will sit down. Thank you. Counsel, is there evidence you can point to suggesting that the utility system operators did electrical work? Your Honor, there is not enough evidence in the record to, we don't have that information in the record yet. All we have is. As you emphasize, Haynes was there 27 years, presumably working side-by-side, or at least in concert to some degree with people in this other classification. He would have an opportunity to notice what doing electrical work. He alleged in the complaint that the other people that he compared himself to had a longer period of time to get whatever license that was required. Yes, but does he produce evidence that either all of them or some subset of them did electrical work equivalent to what he was doing? Your Honor, he does not present evidence of that, but one of the issues in the case, and this is Mr. Haynes, we've mentioned this, Mr. Haynes has difficulty reading and it's very difficult for him to understand things. We're talking about reading. We're talking about observing what fellow workers are doing in the workplace. What he alleged in the complaint and what he reported to us when we filed the complaint was these folks actually needed the electrical license. Your Honor, one additional quote from Convertino, which I think addresses some of Judge Griffin's questions, is district courts should invoke this rule, and that's Rule 56F, now 56D, generously, holding parties to the spirit rather than to the letter of the law. And that did not happen here. In fact, the argument made by opposing counsel, it seems to support that position. They're basically saying the defendant has the right, they hold all the evidence, we can assert a legitimate nondiscriminatory reason, and if you can't respond to it, you know, some cases just should not go forward. And that's just fundamentally unfair to— I mean, if you take—if it seems to be just a blunderbuss, that truly doesn't qualify. Your Honor, and that's why we specifically request it in the declaration, information about the electricians. Tell us how you arrived at—we need the facts on how you arrived at this decision. Yeah, but that takes you to another Convertino category, and that is showing inability to find it on your own. Well, it does seem to me that 27 years in the same workplace would expose one to information about what the people in the other category were doing. Expose him to that information? Correct. But actually documentation to support it? No, he does not—he would not have access to—I'm sorry? We don't even have an assertion by him, an undocumented assertion by him, that they were doing electrical work of the same type, right? Well, Your Honor, I guess that would be responding to the motion for summary judgment, not in a declaration requesting additional discovery. Convertino asks the affiant to say why it is that he needs discovery. And I can imagine the request saying, we know that from Mr. Haynes' affidavit that a lot of these people were doing electrical work of the same type. We know that, but we want to document it properly, and so we want papers from you on that subject. Your Honor, we believed in submitting the declaration from counsel. We were essentially saying, we have these allegations in the complaint. This is what we need to prove the allegations in the complaint. We need to know how you arrived at this decision. I think that skips a step that Convertino specifies. Wow. All right. Your Honor, thank you. Thank you. Stand, please.
judges: Henderson, Griffith, Williams